

ORDERED in the Southern District of Florida on April 16, 2018.

Laurel M. Isicoff
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

IN RE:  Mary Catherine Arroyo            CASE NO. 17-23083-LMI

Chapter 13

_____ Debtor._____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY PRINCENTONIAN BY THE PARK HOMEOWNERS ASSOCIATION**

THIS CASE came to be heard on April 10, 2018, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 38; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 25041 SW 127th Place, Homestead, FL 33032, and more particularly described as

LF-92 (rev. 11/01/17)

PRINCETONIAN BY THE PARK, PB 140-36, LOT 39, BLK 1, LOT SIZE 8582 SQ FT, 30-6926-000-0011, OR 19154-4849 052000 6, COC 23664-3430 08 2005 5

(Legal description)

is $<u>148,530</u> at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of <u>Princentonian by the Park Homeowners Association</u> (the "Association") is $ <u>277,073.84</u>.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Association is $ _____0_____ and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED**.

2. Association has an allowed secured claim in the amount of $ _____0____.

3. *[IF LIEN IS STRIPPED OFF]* Because Association's secured interest in the Real Property is $0, Association's lien recorded on <u>August 20, 2015,</u> at OR BOOK <u>  29745    </u> Page <u>  3818    </u> of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's lien will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    ___X__    Association has not filed a proof of claim in this case. The trustee shall not disburse any payments to Association unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    _____    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By: Jacqueline C. Ledón

Address: Legal Services of Greater Miami, Inc.

4343 W. Flagler St, Ste. 100, Miami, FL 33134

Phone: 305-438-2401

Attorney Jacqueline C. Ledón is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.